Ms. Clerk, would you call the first case? Okay, if you both step up and introduce yourselves. Good morning. My name is Emily Wood. I'm from the Office of the State Appellate Defender on behalf of Carlos Lopez. Good morning, Your Honors. I'm Peter Fisher, an Assistant State Attorney on behalf of the people. Good morning. Okay, let's proceed. Good morning. Again, my name is Emily Wood on behalf of Carlos Lopez. Today, I'd like to focus on the issue of the improper other crimes evidence that was admitted at trial, although obviously I'd be happy to answer any questions this Court may have about the case in general. The Illinois Supreme Court has laid out rules regarding the admissibility of other crimes evidence. And specifically, they set out a threshold question that must be met,  in or committed the prior crimes. Only once that question is satisfied can the trial court then go on to examine whether the probative value outweighs the prejudicial effect. Here, that threshold question was not met. There's no evidence that Carlos participated in the incident three weeks prior to the murder. The State claims that this question is unimportant, that the evidence need only be relevant, and that because it's part and parcel of the instant offense, it's admissible based on that. It's simply contrary to controlling law that mandates that the defendant's participation in the other crime is a prerequisite to admissibility. For that, I would cite the Illinois Supreme Court cases of Lindgren, Smith, and Thingold. In fact, any cases cited by the State are easily distinguished on that basis. Morales, Rutledge, Manuel, Figueroa all had defendants who were involved in that prior offense. When you take a look at the cases where the defendant was not involved in the prior offense, such as Smith and Pikes, those courts have held that the evidence of the prior crime is inadmissible because the connection between that crime and defendant is too tenuous. And here, the same bar to admissibility is present. Carlos simply did not participate in the prior incident three weeks ago. Several cases offer guidance. As I stated, Smith. There, the State tried to introduce prior gang activity to show that there was a motive for the murder that the defendant had committed. However, the defendant there was not involved in the prior crime activity, the prior gang activity, and there was no evidence that he even knew about it. The Illinois Supreme Court found the admission of that evidence erroneous and further went on to say that when the State sets out to prove motive, you have to tie that motive to the defendant on trial at the time the offense is committed. It's not enough to prove motive in the abstract. Here, there's no proof that Carlos had any motive resulting from that prior offense. As the Illinois Supreme Court said in Lindgren, the other crime's evidence cannot be admitted if the reasons for that relevancy are speculative, as they would be here. In Thingvold, also, there's evidence of the defendant's wife's murder. It was not admissible at trial, although he was charged with the solicitation of her murder, because there was no evidence that he was involved in that murder. Pikes is a recent case that's very applicable to this one, and in that situation, it involved a prior incident where the co-defendant shot at a rival gang member while the rival gang member was riding a scooter. The defendant later drove a car with that same co-defendant who then shot at that same person, but killed another. The Pikes court said that because the defendant was not involved in that scooter shooting, the prior incident, the threshold question was not asked. It was not satisfied, and the evidence could not be admitted. The Pikes court also said that that threshold question cannot be bypassed. We don't even go to the relevancy discussion if the defendant did not participate in that prior offense. The Pikes court also said that the admission under those circumstances where the defendant was not involved in that prior offense ignores law and attempts to set a dangerous precedent. It's on that very basis that we can distinguish Morales from the instant case. There, there's some evidence that Morales participated in the prior offense. The Morales court said that the prior incident didn't even qualify as other crimes. That it was course and conduct providing context for the instant offense. But the Pikes court answered that as well and said that the fact that a prior crime provided background and context against a defendant who wasn't part of the other crime creates frightening legal implications. The Illinois Supreme Court simply requires more. The relevant basis cannot be speculative. The motive must be tied to the defendant. And as the Pikes and Smith courts recognized, you can't show that the defendant was motivated by the prior offense without connecting him to that prior offense. Even under the strict relevancy analysis as proposed in Morales, the evidence is not relevant here. The prior crime had different perpetrators and different victims. There's no bearing on the instant offense. That prior crime's evidence offers no probative value in deciding whether or not Carlos participated in the charged beating. In truth, the state used that evidence in conjunction with the gang evidence to excite a suspicion of guilt in the mind of the jurors. And it's that very act that the Illinois Supreme Court has sought to prevent in creating the threshold question of the defendant's involvement. Carlos did not participate in the crime. Admission of this evidence prejudiced him personally and threatened the integrity of the system. Carlos, a 15-year-old boy with no prior convictions, was placed in the position of going to trial with the stigma of another crime overhead. A crime that he didn't commit. Fighting that stigma required Carlos to conduct basically a mini-trial where he had to defend the co-defendant's actions so that he wouldn't be tainted by their bad acts. That's not permissible as it simply plants the seeds of suspicion and speculation in the mind of the jury. The Pikes Court said that when there's no nexus between the defendant and the prior crime, admission cannot be said to be harmless. In fact, the Pikes Court acknowledged that it carries a high risk of prejudice or narrowly calling for reversal. The Illinois Supreme Court in two different cases, Lindgren and Smith, also stated that because there's a real risk of the jury being over-persuaded by that other crime's evidence, and it might influence them to convict them solely on a basis to think on the belief that the defendant was bad and deserving of punishment, because we just don't know what the tainted jury would have done, reversal was required. Lastly, if this Court decides to follow, under these circumstances, the reasoning in Morales, it would threaten the integrity of the system. And for that, I would point this Court to the reasoning from the Supreme Court in Thingvold. The right to an unbiased jury is violated when the jury based its decision on extraneous matters. A substantial right afforded to guilty and innocent defendants alike. Collateral crime's evidence is likely to violate that right. But Morales is still good law. It is, and under the facts of Morales, where Morales, the defendant, there was evidence that he participated in that prior offense. Ultimately, that follows what the Illinois Supreme Court has laid out. In this case, it would not. The Morales Court repeatedly made reference to that participation during the course of its decision. Absolutely. And so it's certainly ironic that they then later went on to say it wouldn't have mattered if he was there, because they did so much of their, the basis for their analysis was the fact that he was present. They did spend a lot of time discussing that. And in fact, the evidence bears that out. There was some discussion on the record about whether that defendant was there. Here we have, we just don't have that. We have two witnesses talking about the prior incident, neither of which saw Carlos participate in any way. So we just don't have it. We don't have that threshold question. The evidence is not admissible. Because the admission of that evidence is contrary to controlling law and denied Carlos his right to a fair trial, we would ask this Court to reverse his conviction and remand for a new trial. Let me ask a question, if I could. This defendant was severed from the other defendants? Yes. Did he try it by himself? Yes. And why was the severance granted? Why was there a severance? Do you know? Simply, I think because it was, I would have to go back and look at my notes for the exact ruling on that. But I think simply because there was going to be some evidence of finger-pointing and reasonable doubt saying who actually dealt the blows since the State proceeded on accountability. I think that was the reasoning. Do you know whether it was ever argued that the earlier incident was a grounds for a severance also? I know there was a motion in Limine regarding that. Where defense counsel litigated that, arguing basically the same points that we have taken in our brief, which is that he wasn't present, it wasn't relevant, there's no way that it's a miscalculation. That's different than the severance. Sure, absolutely. You don't know whether it was brought up? No, my understanding is that was not the basis for any severance, that it was simply the text of the motion for in Limine. But I can check my notes on that. Okay. Thank you. Sure. Okay. Thank you. Thank you. Mr. Fischer? May it please the Court. Just to remind the Court of the factual circumstances of the prior crime. The person in the factory, Pedro Martinez, testified that he saw five or six guys out there who were always out there. And this is before, this is on the December 3rd, the earlier incident. And when he went into work that night, these five or six guys, including the defendant, and people that he recognized in peoples number 7 and 10, who are Adolfo Zeninga and Omar Morales, they were out there before this crime. The crime occurs, and the witness to that is Sylvia Ortiz, and she sees three men hitting the door of the tortilla factory with baseball bats, and then they go out and break windows in the parking lot. And those three were Daniel Roman, Ismael Morales, and Martin Roman. And then Pedro Martinez says that after those men came into the factory, he goes back outside and sees the broken windows and everything else, and again he sees the same five or six guys, including the defendant and Zeninga and Morales. So clearly you have identifications of six of the people who were later identified in this crime itself. And therefore, there is some, obviously, overlap here. The question regarding other crimes, and as this court decided in Morales, which relied on manual and rutledge, there's a difference between extrinsic other crimes and intrinsic other crimes. Morales is interesting, of course, because it's the same case as this case, just a different defendant. The facts are almost identical. And interestingly, in Morales, they actually discuss the issue that Justice Sterber brought with defense counsel, and they indicate that even if the evidence of the contested, of the December 4th incident established the defendant was not present, the jury was free to infer, based on the evidence before it, that the defendant took part in the murder and robbery to help his friends avenge their vendetta against the employees of the tortilla factory. So that issue was squarely addressed in manual, because if you recall, in non-manual in Morales, there was a question as to whether that defendant was actually involved in that case as well, just as there is a question raised in this case whether the defendant was involved. But we would argue, of course, circumstantially and inferentially, the fact that the defendant is with this group of people before the incident on December 3rd, he's identified as being with that group of people, then three of those people are seen doing the crime on December 3rd, and then the defendant is seen again with this group of people at the end. I think we can put the two together and make circumstantially an argument that the defendant was, in fact, involved in that prior crime, and so that relevance is the standard to be. How would you do that by mere presence? He's seen in the area prior to the offense and subsequent to the offense. How can we infer, then, that he was involved in the offense just by mere presence? I think because the relevance standard is very low at that stage, the fact that he's there before and after, with the same people who would then be involved in the second crime, I think if you put it all together, you've got an inference. By combining all those factors, I think you can make an inference. No, he is not seen by this witness doing anything, by Sylvia doing anything that night. But the other thing to remember, the evidence in this case, even aside from the other crimes evidence, was overwhelming. We have two eyewitnesses who know these defendants, this particular defendant. They know him by sight. They've seen him before. They described in great detail exactly what he did. So why did they need to bring in the December 3rd incident if they have such conclusive eyewitness identification? Because it was relevant. We don't always stop just because we have two eyewitnesses doesn't mean we can't bring in four. Just because we have eyewitnesses doesn't mean we can't bring in circumstantial evidence or physical evidence. If we have legitimate evidence that the court is going to allow us to use that is relevant, I think it's our duty to bring it forth and let the jury see it. The other thing that's kind of interesting, counsel talks about the stigma, but if the defendant isn't involved in the prior offense, then there would be no stigma. He wouldn't be. The whole idea behind. But it's the inference, right? That's the stigma. Well, that's true. But if you can draw the inference, then of course he is involved and it's relevant. If he's not involved, then what's the harm? You know, the whole idea. Why bring it up? I mean, obviously it was brought up to dirty the defendant, to make a gang association, to put him into a gang-related activity three weeks earlier, to make this part and parcel of some unstated vendetta that he wasn't even connected to other than standing on a street corner. Well, first of all, I disagree. It was not at the time they were describing. Sylvia doesn't describe any gang activity. Pedro doesn't describe any gang activity. It was not argued that that was a gang activity at that point. The gang evidence came in later through Fernando. So this wasn't argued as a gang thing. It wasn't just to dirty him up. It was to show why a group of people would drag an innocent man off a forklift and drop concrete blocks on his head and kill him for no apparent reason. Well, how about robbery? They went through his pockets and took his wallet. That is an apparent reason, but that doesn't mean there isn't another reason. I mean, this is an innocent man. And, of course, the robbery, they argued about the robbery as well, that there wasn't really a robbery, that it was just a beating, that people didn't actually see what was taken. You know, we're entitled to argue and to put on evidence as to relevant factors. And this showing a motive for this crime, that these same people, and clearly the three that are beating out the windows of the car in that factory after chasing people into the factory, are three of the people who are identified three weeks later at that same factory dragging this man off the forklift. So it clearly was relevant in motive. I mean, we're allowed to, we don't have to, but we're allowed to introduce evidence of motive. And as I stated, the Morales Court was correct. The issues were, at least half the issues are identical to the issues in this case. There is not a gap in logic shown by that court. It relied on two other cases, Manuel and Rutledge. It is good law. The case, the PLA was denied in the case, so it stands. Well, the reality is, though, there's a conflict within the district, right, within the first district between Pikes and Morales, and Pikes PLA was granted by our Supreme Court. Right. And we don't know why, of course, but we'll find out soon enough. So my question to you is, is there any other authority you have to support your position other than Morales? It's kind of an outlier, isn't it? There is no other case in this state that speaks in terms of this distinction between extrinsic and extrinsic evidence and that this type of evidence can be used under general relevancy principles as opposed to under the notion of other crimes evidence, which we know is very damaging evidence, and we know that it can easily be construed by a fact finder as propensity evidence, and that's why a limiting instruction is given either before or after the testimony, and again, when the jury is charged at the end of the trial. But again, propensity evidence, first of all, I think that Manuel and Rutledge were precursors to Morales, so I think that there is support for the Morales court to decide what they decided. I don't think it's an outlier. I don't think they're out there on an island. And the propensity evidence, again, is one of these issues that there's a bind. If the defendant wasn't involved in the prior incident, then how could the jury, if the jury believes he's not involved in the prior incident, what propensity does it show? It doesn't show anything. It shows propensity of some other people to do something, but it doesn't show the defendant. If, on the other hand, the jury believes the defendant was involved, and the inference is correct in the prior incident, then the argument that it shouldn't come in under other crimes evidence is weaker. Well, but when it comes in under the notion of other crimes evidence, there's limiting instructions, right? Yes, and there was a limiting instruction here. Before and after the testimony or just at the end of the trial? I don't recall. I know that the gang evidence, there was one during the trial. I know that there was one after the trial, but I don't recall if there was one right before the first witness testified. In any event, for the issues that we've stated today and the issues in our brief, we'd ask that this Court affirm defendant's conviction and sentence. Thank you. Thank you very much, Mr. Fisher. Counsel? Of course, this evidence is damaging. That's why we have a threshold question set out by the Illinois Supreme Court. The defendant has to have participated or committed the prior crime. The State's saying that we can make an inference of participation. Not enough. That's not enough. And you're relying on? I'm relying on Pike, certainly, but also Illinois Supreme Court, Smith, Lindgren, Thingold. They all say that you actually have to connect the defendant to the crime. An inference of involvement isn't enough. You have motive in the abstract isn't enough. If the State takes on, as he said that he's entitled to do, to prove motive, you've got to tie it to the defendant. You can't just do six degrees of separation where you can infer that he might have been involved and then infer that that might have created a motive by virtue of the gang evidence. I mean, here we're getting several fields afar from what the Illinois Supreme Court has envisioned. Participated in or committed. That's what the Illinois Supreme Court has said. It's not enough that he was there before at some point. We don't even know. Pedro Martinez testified that he saw him when he came into work. We know that he works 7 p.m. to 7 a.m. We have no idea when he came back out and saw the damage to his cars. Without that timing, and Sylvia Ortiz, who actually saw the incident, testified that three guys did it. It wasn't Carlos. We don't have his involvement. In addition, we know that this isn't relevant. I mean, first of all, when the State talks about moralis and the ability to prove motive, even if the defendant wasn't there, moralis, in terms of the discussion of the defendant's participation, was going along fine. Once you hit the analysis where we talk about the defendant, even if he hadn't been there, it simply is wrong. In that respect, it is an outlier. It runs contrary to the Illinois Supreme Court law that says, again, this is a threshold question, the defendant's participation. And number two, again, abstract can't be just in the motive. You can't infer, then infer, then infer, and use it as a backdoor also to bring in gang evidence, which is really what happened in this case. We also know, with respect to Carlos, that this didn't, it wasn't necessary to provide a context or explain the otherwise inexplicable behavior of pulling a man off of a forklift. We know that because the State didn't even argue it in its closing argument. The State did argue robbery. The State did argue gang evidence. But it didn't argue the prior crime in terms of connecting him to a motive. Placing that other crime's evidence in there to plant that seed of suspicion and speculation in the jury was prejudicial in and of itself. And the cases are pretty clear that because there's this real risk of damaging him, damaging Carlos, denying his right to a fair trial, a new trial is required by an unbiased, untainted jury. Again, it's not enough to have an overlap, to just say that he was there at some point in the night, maybe before the incident happened and after the incident happened. We have to tie the defendant to the case. It simply was not done here. And that goes directly to admissibility. If it's not admissible, it needs to be out. One last point. This Court brought up the jury instruction issue. I mean, we did argue in our brief, and I would basically rely on that, that the instruction did not follow the IPI exactly. It didn't fully inform what the jury was supposed to do with that other crime's evidence. So then again, that compounds the prejudice, that compounds the error that was already introduced. If there are no more questions, I would again like to request that Carlos' conviction be reversed and the case be remanded for a new trial. Thank you. Because that wasn't pure rebuttal to the last comment, do you have any remarks that you'd like to offer? No. Thank you. Thank you. Very good argument from both sides. Thank you very much. We'll take it under advice.